UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DR. OLAF CAMES and TERESA
CAMES,

     Plaintiffs,

v.                                  Case No: 6:26-cv-316-JSS-DCI

LOWE'S HOME CENTERS, LLC,

     Defendant.
_____/

## ORDER

Plaintiffs, Dr. Olaf Cames and Teresa Cames, proceeding pro se, move to remand this matter to the Circuit Court of the Ninth Judicial Circuit in Orange County, Florida. (Dkt. 22.) Defendant, Lowe's Home Centers, LLC, opposes the motion. (Dkt. 38.) Upon consideration, for the reasons outlined below, the court denies the motion.

## BACKGROUND

According to the operative complaint, Plaintiffs paid Defendant to deliver and install a glass sliding door and several windows at their home in Orlando, Florida. (*See* Dkt. 1-1 ¶¶ 2, 7, 17.) Defendant purportedly hired an uninsured contractor who performed defective work, failed to obtain permits, and ultimately abandoned the project. (*See id.* ¶ 3.)

Earlier this year, Plaintiffs sued Defendant in state court, asserting claims for breach of contract (Count I), exploitation in violation of Florida's Adult Protective Services Act, Fla. Stat. § 415.1111 (Count II), and civil theft for retaining Plaintiffs' payment without completing the project (Count III). (Dkt. 1.) Plaintiffs seek statutory and compensatory damages and further ask that the court award punitive damages in an amount between $300,000 and $2 million. (*See id.* at 4.)

Defendant received a copy of the complaint on January 5, 2026. (*See* Dkt. 22 ¶ 2.) Thereafter, on February 6, 2026, Defendant removed the case to federal court, citing the court's diversity jurisdiction. (*See* Dkt. 1.) Plaintiffs move to remand this case to state court, arguing that Defendant did not remove this case within the time provided by federal law, as it filed its notice of removal more than thirty days after receiving a copy of the complaint. (*See* Dkt. 22.) Defendant opposes the motion. (Dkt. 36.)

## APPLICABLE STANDARDS

Pro se filings are construed liberally. *Sconiers v. Lockhart*, 946 F.3d 1256, 1262 (11th Cir. 2020). Nevertheless, federal courts must ensure they have subject matter jurisdiction. *See Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1304 (11th Cir. 2011). "Federal courts have an obligation to examine sua sponte their own jurisdiction over a case." *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1311 (11th Cir. 2020). "If at any time the district court determines that it lacks subject matter

jurisdiction, [it] must dismiss the action." *Blankenship v. Gulf Power Co.*, 551 F. App'x 468, 470 (11th Cir. 2013) (quotation omitted).

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "A defendant seeking to remove a case to federal court bears the burden of establishing federal jurisdiction." *McGee v. Sentinel Offender Servs., LLC*, 719 F.3d 1236, 1241 (11th Cir. 2013). To satisfy this burden, the removing defendant "must show that the plaintiff's complaint, as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294–95 (11th Cir. 2008).

Federal courts generally have original jurisdiction over two types of cases: federal question and diversity cases. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Federal question jurisdiction exists when an action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Removal jurisdiction based on a federal question is governed by the well-pleaded complaint rule." *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1012 (11th Cir. 2003). "In plain terms, unless the face of a plaintiff's complaint states a federal question, a defendant may not remove a case to federal court on this basis, even though a possible defense might involve a federal question." *Id.* Additionally, diversity jurisdiction exists in civil actions between citizens of different states in which the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

## ANALYSIS

The court first analyzes whether it has jurisdiction. *Dyer v. Wal-Mart Stores, Inc.*, 535 F. App'x 839, 841 n.2 (11th Cir. 2013) (noting that district courts have an obligation to examine their jurisdiction sua sponte). The court then considers whether Defendant's notice of removal was timely.

### A. Diversity Jurisdiction

As discussed, diversity jurisdiction exists when the parties are citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1)). Courts generally look to the complaint to determine whether diversity jurisdiction exists. *See Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983) ("Removability should be determined according to the plaintiff's pleading at the time of the petition for removal."). When jurisdiction is not "facially apparent from the complaint, the court should look to the notice of removal." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Indeed, "[w]here the pleadings are inadequate, [courts] may review the record to find evidence that diversity jurisdiction exists." *Id.*

Plaintiffs seek several hundred thousand dollars in compensatory and statutory damages. (*See* Dkt. 1-1 at 4.) Generally, the amount in controversy requirement is satisfied if the plaintiff claims a sufficient sum in good faith, absent facts demonstrating to a legal certainty that the amount at issue is less than the jurisdictional amount. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) ("A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum

in good faith."). Here, the jurisdictional amount is satisfied by Plaintiff's request for compensatory damages, as neither party has presented evidence to suggest that Plaintiffs' damages are less than $75,000. (*See* Dkts. 1, 22, 36.)

Next, complete diversity exists where "no plaintiff is a citizen of the same state as any defendant." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). Natural persons, like Plaintiffs, are citizens "of the state in which [they] are domiciled," which is the state where they reside and intend to remain. *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021). Limited liability companies, like Defendant, are comprised of members, and are therefore citizens of each state in which their members are citizens. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1021 (11th Cir. 2004).

Here, Plaintiffs allege that they are citizens of Florida. (*See* Dkt. 1-3 at 1.) Indeed, other evidence within the record shows that Plaintiffs are citizens of this state. (*See* Dkt. 1 ¶¶ 15, 18–19.) For instance, Plaintiffs own property, maintain telephone numbers, have driver's licenses, and are registered to vote in Florida. (*See id.*) *See Slate v. Shell Oil Co.*, 444 F. Supp. 2d 1210, 1215 (S.D. Ala. 2006) (identifying various indicia of domicile, which include proof that a party owns property, maintains a telephone, is registered to vote, and is licensed to drive in a particular state). Although the complaint does not allege any facts concerning Defendant's citizenship, (*see* Dkt. 1-1), the notice of removal alleges that Defendant is "a North Carolina-based limited liability company whose lone member" is a "North Carolina corporation," (*see* Dkt. 1

¶ 17; Dkt. 21 at 1, 3 (identifying Defendant as "a citizen of the State of North Carolina" because its lone member is incorporated in that state).) *Williams*, 269 F.3d at 1319 (when the complaint does not definitively support the court's jurisdiction, the court should look to the notice of removal and the record). Thus, Defendant is a citizen of North Carolina. *Rolling Greens MHP, L.P.*, 374 F.3d at 1021. Because the parties are citizens of different states and the amount in controversy exceeds $75,000, the court is satisfied that it has jurisdiction.

### B. Timeliness of Removal

For removal to be proper, the notice of removal must be timely filed. *See Hunt v. Nationstar Mortg., LLC*, 782 F. App'x 762, 769 (11th Cir. 2019). "A notice is timely when it is filed within thirty days after the receipt by the defendant of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Hill Dermaceuticals, Inc. v. Rx Solutions*, 306 F. App'x 450, 453 (11th Cir. 2008) (alterations adopted and quotation omitted); 28 USCS § 1446(b)(1) (providing defendants thirty days to remove an action from state court). As discussed, Defendant received the complaint on January 5, 2026. (*See* Dkt. 22 ¶ 2; Dkt. 36 at 1–2.) Plaintiffs therefore argue that the thirty-day removal period ran from January 6, 2026, to February 4, 2026. (*See* Dkt. 22 at 2–4.) Because Defendant did not remove this case to federal court until February 6, 2026, Plaintiffs assert that Defendant's notice of removal was untimely and that, as a result, this case must be remanded to state court. (*See id.* at 4.) In response, Defendant argues that it timely removed this case to federal

court, as it was not served with a summons until January 9, 2026. (*See* Dkt. 36 at 1–2.) Thus, according to Defendant, the removal period ran from January 10, 2026, to February 9, 2026. (*See id.*) The court agrees with Defendant.

In *Murphy Brothers v. Michetti Pipe Stringing*, the United States Supreme Court considered whether the defendant's receipt of the complaint, without formal service of process, was sufficient to trigger the removal period. *See* 526 U.S. 344, 347 (1999). In that case, the plaintiff sent the defendant a courtesy copy of the complaint shortly after filing suit in state court but waited several weeks to formally serve the defendant. *See id.* at 348. When the defendant removed the case to federal court thirty days after receiving formal service, the plaintiff moved to remand the case to state court, arguing that removal was untimely. *See id.* The district court denied the motion, finding that removal was timely. *Id.* at 349. On appeal, the Eleventh Circuit concluded otherwise, finding that the removal period began to run when the defendant received a courtesy copy of the complaint. *Id.* The United States Supreme Court reversed, holding that a defendant's time to remove an action from state court "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, *but not by mere receipt of the complaint unattended by any formal service*." *See id.* at 347–48 (emphasis added); *see Hunt*, 782 F. App'x at 769 ("[T]he [thirty]-day period for removal of the action does not start until service of the summons on the defendants and receipt of the complaint by the defendants either after or at the time of service of the summons.").

Here, Defendant received a copy of the complaint on January 5, 2026, but did not receive formal service of the summons until January 9, 2026. (*See* Dkt. 26-1; Dkt. 36 at 1; Dkt. 36-1.) Plaintiffs do not argue otherwise. (*See* Dkts. 22, 22-7.) Indeed, Plaintiffs' motion does not mention a summons in connection with their initial attempt to perfect service. (*See* Dkt. 22 at 2–4 ("Plaintiffs *shipped the [a]mended [c]omplaint* via FedEx Standard Overnight service on January 2, 2026 . . . Defendant *received the [a]mended [c]omplaint* via FedEx on January 5, 2026 . . . the [c]ertificate of [s]ervice *for the [a]mended [c]omplaint* delivered via FedEx on January 5, 2026 . . ., *certifies that the [a]mended [c]omplaint was furnished* to the Defendant's registered agent." (emphasis added)). Nor does Dr. Cames' affidavit in support of the motion refer to a summons. (*See* Dkt. 22-7 at 2 ("On January 2, 2026, I prepared[,] and Mrs. Teresa M. Cames *shipped[,] the [a]mended [c]omplaint* via FedEx Standard Overnight service. . . . *The [a]mended [c]omplaint was delivered* via FedEx to the Defendant's registered agent on January 5, 2026." (emphasis added).) Further, the return of service Plaintiffs filed with the state court indicates that Defendant was served on January 9, 2026. (*See* Dkt. 26-1; *see also* Dkt. 36-1 (showing the contents of the package that Defendant received on January 5, 2026, which contained a complaint but no summons).

Defendant's receipt of the complaint on January 5, 2026, did not trigger the removal period. *See Murphy Bros.*, 526 U.S. at 347–48. Instead, the removal period began on January 10, 2026, after Defendant was formally served with process. *See id.*; *Edwards v. Apple Comput., Inc.*, 645 F. App'x 849, 852 (11th Cir. 2016) (concluding that

removal was timely where the Plaintiff failed to formally served the defendant, and the defendant removed the case to federal court shortly after waiving service); *Hand v. Cargill Fertilizer, Inc.*, 157 F. App'x 230, 232 (11th Cir. 2005) (concluding that removal was timely where the defendants removed the case to federal court within thirty days of service); *Carter v. Frito-Lay, Inc.*, 144 F. App'x 815, 817 (11th Cir. 2005) (concluding that removal was timely because the defendants filed their notice of removal less than [thirty] days after receiving service of the complaint"). Because the removal period began on January 10, 2026, it ran until February 9, 2026. *See* Fed. R. Civ. P. 6 (a)(1)(C) (stating that when a period ends on weekend, "the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday"). Defendant therefore timely removed this case to federal court on February 6, 2026.

## CONCLUSION

Accordingly, Plaintiffs' motion to remand this case to state court (Dkt. 22) is **DENIED**.

**ORDERED** in Orlando, Florida, on April 2, 2026.

JULIE S. SNEED<br>
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

Unrepresented Party