**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DR. OLAF CAMES, TERESA CAMES

     **Plaintiffs,**

v.                                  **Case No: 6:26-cv-00316-JSS-DCI**

LOWE'S HOME CENTERS, LLC,

     **Defendant.**

---

**ORDER**

This matter comes before the undersigned upon referral of Defendant Lowe's Home Centers, LLC's Amended Motion to Compel Arbitration and Stay Proceedings. Doc. 11 (the Motion). As will be explained, the Motion is due to be **DENIED without prejudice**.

**I.    BACKGROUND**

On October 11, 2021, Olaf Cames signed a document titled "Florida Services Solutions Installed Sales Contract." Doc. 12-1 at 1, 6 (the Sales Contract). The Sales Contract is a standard form agreement executed by defendant Lowe's Home Centers, LLC (Lowe's) and plaintiff Olaf Cames for the provision of "All materials, labor, permit[s], and project fee[s]" related to the installation of windows and a sliding door. *See generally*, Doc. 12-1 at 1, 3. After the description of the "Materials and Work to be Performed," the "Notices" section of the Sales Contract includes the following notice, among others:

> **ARBITRATION AGREEMENT**. This Contract provides that You and Lowe's will resolve all claims by BINDING ARBITRATION. You and Lowe's GIVE UP THE RIGHT TO GO TO COURT to enforce this Contract (EXCEPT for matters that may be taken to SMALL CLAIMS COURT). A NEUTRAL ARBITRATOR will

determine Lowe's and Your rights and NOT a judge or jury. You and Lowe's are entitled to a FAIR HEARING. BUT the arbitration procedures are SIMPLER AND MORE LIMITED THAN RULES APPLICABLE IN COURT. Arbitrator decisions are as enforceable as any court order and are subject to VERY LIMITED REVIEW BY A COURT. FOR MORE DETAILS: Review the sections titled ARBITRATION AGREEMENT, WAIVER OF JURY TRIAL AND WAIVER OF CLASS ACTION RIGHTS found in the Terms and Conditions of this Contract

*Id.* at 3 (emphasis in original).  Paragraph 16 of the "Terms and Conditions" relatedly provides:

**16.    ARBITRATION AGREEMENT, WAIVER OF JURY TRIAL, AND WAIVER OF CLASS ACTION RIGHTS.** Lowe's wants to keep You as customer, and Lowe's resolves most questions and complaints informally. If You have a question or complaint, contact Your Lowe's salesperson first or the manager of the Lowe's store that fulfilled Your order. All claims by You, Your agents, insureds or assigns, or Lowe's related to this Contract, which You and Lowe's cannot resolve informally shall proceed to binding arbitration conducted by a single arbitrator under the current applicable rules, procedures, and protocols of JAMS, Inc. ("JAMS")(www.jamsadr.com) or the American Arbitration Association ("AAA") (www.adr.org). You agree that if either JAMS or AAA is unable or unwilling to arbitrate the matter, You and Lowe's will agree upon a single arbitrator with a nationally recognized arbitration firm to arbitrate the matter. Claims subject to binding arbitration include:

(1) all claims in any way related to the signing of this arbitration agreement, the validity or scope of this arbitration agreement, or any attempt to set aside this arbitration agreement;

(2) all federal or state law claims relating in any way to this Contract (including this arbitration agreement), the information You gave Lowe's before entering into this Contract, and any past agreement or agreements between You and Lowe's;

(3) all counterclaims, cross-claims, and third-party claims;

(4) all common law claims of any kind including claims based upon alleged product defect, contract, tort, fraud, or other intentional torts;

(5) all claims based upon a violation of any state or federal constitution, statute, or regulation;

2

(6) all claims asserted by Lowe's against You, including claims for money damages to collect any sum Lowe's claims You owe;

(7) all claims asserted by You individually against Lowe's or any of Lowe's employees, agents, directors, officers, shareholders, managers, members, parent company, or affiliated entities (collectively the "related third parties") or the Installer, including claims for money damages and/or equitable or injunctive relief;

(8) all claims asserted on Your behalf by another person;

(9) all claims asserted by or on behalf of You as a private attorney general against Lowe's, related third parties or the Installer;

(10) all claims arising from or relating directly or indirectly to the disclosure by Lowe's, related third parties or the Installer of any non-public personal information about You; and

(11) all other claims related to this Contract whether or not set forth above. If the dispute falls within the jurisdiction of a small claims court the claimant may, at its option, choose to arbitrate or file a small claims action. Any appeal of a judgment from a small claims court shall be resolved by arbitration as provided by this Contract.

**Binding arbitration means that You waive: (1) any right to a jury trial; (2) any right to bring a lawsuit in a court (other than a small claims court as described above); and (3) any right to seek relief in any other way. An arbitrator will decide any claim not decided by a small claims court. You agree that binding arbitration provides a simple, cost effective method to resolve disputes quickly.**

**You agree that (1) You cannot pursue a class action lawsuit or class action arbitration of any type, (2) no one can pursue a class action lawsuit or class action arbitration of any type on Your behalf, and (3) a Court or arbitrator(s) cannot order class action proceedings under this Contract. You further agree that there shall be no joinder of parties, except for joinder of parties to the transaction covered by this Contract. By agreeing to binding arbitration You and Lowe's waive any right to bring or participate in a class action lawsuit or class action arbitration regarding any claim**.

*Id.* at 7-8 (emphasis in original).[1]

---

[1] The undersigned will refer to paragraph 16 of the Sales Contract as the "Arbitration Provision."

On January 5, 2026, plaintiffs Olaf Cames and Teresa Cames (collectively, Plaintiffs) filed a complaint in Florida's Ninth Judicial Circuit. Doc. 1-1 at 1. Plaintiffs allege that Lowe's "assigned a non-insured contractor . . . resulting in defective work," "broke the contract, abandoned the project . . . and failed to obtain Orange County permit sign-off[.]" Doc. 1-1 at 2. Accordingly, Plaintiffs raised three counts against Lowe's: "Count I: Breach of Contract with Statutory Violations" (*Id.* at 3); "Count II: Exploitation of Vulnerable Adults Under Chapter 415" (*Id.*); and "Count III: Civil Theft Under § 772.11." *Id.* at 4 (all caps omitted). Lowe's filed a notice of removal on February 6, 2026 and removed the case to federal court based on diversity jurisdiction. Doc. 1.

On February 19, 2026, Lowe's filed the instant Motion to Compel Arbitration. Doc. 11. The Motion includes three pages of factual background—two pages of which are a block quote of the arbitration provision at issue (*Id.* at 2-3)—followed by an argument section comprised of two paragraphs of legal authority supporting the general notion that federal policy, Florida law, and the Federal Arbitration Act (FAA) "favor" arbitral dispute resolution. Doc. 11 at 4-5. In the conclusion to the Motion, Lowe's contends that "Mr. Cames voluntarily entered into a valid and binding agreement, and a plain reading of the Agreement clearly reflects his agreement to submit to arbitration. Accordingly, this case should be referred to arbitration pursuant to the terms of the Agreement." Doc. 11 at 5-6.

Plaintiffs, proceeding *pro se*, filed a response opposing the Motion. Doc. 19 (the Response). In the Response, Plaintiffs argue that the Court should deny the Motion because: 1) Teresa Cames is a non-signatory and cannot be compelled to arbitrate; 2) the arbitration agreement is unenforceable as to Dr. Olaf Cames due to unconscionability; 3) the delegation clause is

unconscionable; and 4) public policy precludes arbitration of elder-exploitation claims. *Id.* Alternatively, Plaintiffs request that the Court grant only a limited stay. *Id.* at 3.

Lowe's later sought leave to file a reply in support of the Motion, which the Court granted. Docs. 44, 45. In the Reply, Lowe's contends that: "Plaintiffs' Response challenges the arbitration agreement 'as a whole' but fails to articulate any specific challenge to the delegation provision that is distinct from their general unconscionability arguments" (Doc. 48 at 2 (the Reply)); Teresa Cames's claims are subject to equitable estoppel and "Mrs. Cames should be compelled to arbitrate" (*Id.* at 3-4); the arbitration agreement is not unconscionable (*Id.* at 4-5); public policy does not preclude arbitration of Plaintiffs' claims (*Id.* at 6); and all claims should be stayed pending arbitration. *Id.* at 6-7.

On April 7, 2026, Plaintiffs filed a motion seeking leave to file sur-reply, which the Court granted. Docs. 56, 57. In the sur-reply, Plaintiffs respond to Lowe's arguments and distinguish the cases relied upon. Specifically, Plaintiffs argue that the delegation clause is unenforceable because it "improperly delegates to a private arbitrator the authority to decide whether Plaintiffs may pursue mandatory, non-waivable statutory remedies, attorney's fees, and public-policy protections intended to safeguard senior citizens . . ." Doc. 58 (the Sur-Reply). Plaintiffs also raise two new arguments: 1) that Lowe's has waived its right to arbitration through "inconsistent pre-litigation conduct;" and 2) Lowe's filings "contain material procedural defects" including "false certificates of service and conferral." *Id.* at 6.

The Court referred the Motion to the undersigned and the matter is now ripe for review.

## II.    LEGAL STANDARD

"The [Federal Arbitration Act] establishes 'a liberal federal policy favoring arbitration [agreements] and the fundamental principle that arbitration is a matter of contract.'" *Martinez v.*

*Symbotic, LLC*, 2026 WL 612934, at *2 (M.D. Fla. Mar. 4, 2026) (quoting *Jones v. Waffle House, Inc.*, 866 F.3d 1257, 1264 (11th Cir. 2017)).  When a motion to compel arbitration is filed, courts generally consider the following: "(1) whether a valid agreement to arbitrate exists[;] (2) whether an arbitrable issue exists; and (3) whether the right to arbitrate was waived*.*"  *Gomez v. Allied Professionals Ins. Co.*, 457 F. Supp. 3d 1351, 1356 (S.D. Fla. 2020) (citations omitted).

"The FAA governs the validity of an arbitration agreement; however, state law governs whether an enforceable contract or agreement to arbitrate exists."  *Goodall v. Am. Express Co.*, 2019 WL 4306404, at *2 (M.D. Fla. Aug. 26, 2019) (citing *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1368 (11th Cir. 2005)).  "'The federal policy favoring arbitration, however, is taken into consideration even in applying ordinary state law.'"  *Id*. (quoting *Delano v. Mas Tec. Inc.*, 2010 WL 4809081, at *2 (M.D. Fla. Nov. 18, 2010)).

"If, under a 'summary judgment-like standard,' the district court concludes that there 'is no genuine dispute as to any material fact concerning the formation of such an agreement,' it 'may conclude as a matter of law that [the] parties did or did not enter into an arbitration agreement.'"  *Burch v. P.J. Cheese, Inc*., 861 F.3d 1338, 1346 (11th Cir. 2017) (quoting *Bazemore v. Jefferson Capital Sys., LLC*, 827 F.3d 1325, 1333 (11th Cir. 2016)); *see also Santiago v. Neno Rsch., Inc*., 2024 WL 4625783, at *2 (M.D. Fla. Oct. 30, 2024) ("Motions to compel arbitration are reviewed under a 'summary judgment-like' standard.") (quoting *Hearn v. Comcast Cable Commc'n*s, 992 F.3d 1209, 1215 n.3 (11th Cir. 2021)).  When a genuine dispute exists, "the court shall proceed summarily to the trial thereof."  9 U.S.C. § 4.  "The Court may consider matters outside the pleadings, and views all facts in a light most favorable to the nonmovant."  *Santiago*, 2024 WL 4625783, at *2 (citing *Hearn*, 992 F.3d at 1215 n.3).

## III.    DISCUSSION

The Court finds the Motion woefully insufficient.  A review of the Motion reveals that Lowe's has not carried its burden in establishing that both Plaintiffs and all three claims are subject to the Arbitration Provision at issue.  And while Lowe's does cite some case law in support of general legal propositions favoring the enforcement of arbitration provisions, Lowe's has not fully addressed the legal standards governing motions to compel arbitration or applied those legal standards to the facts in a way that would persuade the Court to grant the relief sought.

The Court concludes that Lowe's has not met its burden of establishing that an agreement to arbitrate exists as to Teresa Cames.  As the movant seeking to compel arbitration, Lowe's bears the initial burden of establishing that an agreement to arbitrate exists.  *See Ragland v. IEC US Holdings, Inc.*, No. 23-12389, 2024 WL 340849, at *3 (11th Cir. Jan. 30, 2024) (affirming district court's denial of motion to compel arbitration and noting that "Florida law, which the parties agree governs, requires the party seeking enforcement to prove that an agreement exists—including offer, acceptance, consideration, and sufficient specification of essential terms").[2]  The Court notes—and Plaintiffs have also pointed out—that the only plaintiff named anywhere in the Sales Contract is Olaf Cames.  *See* Doc. 12-1.  Because Teresa Cames is a non-signatory, the Court

---

[2] Contrary to Lowe's assertion that "[t]he contract expressly states that it is governed by the Federal Arbitration Act," the undersigned notes that the Sales Contract contains a choice of law provision stating that North Carolina law governs.  Nevertheless, the parties appear to agree that Florida law applies.  Doc. 11 at 4-5 (relying on Florida law); Doc. 19 (relying on Florida law); Doc. 12-1 at 8 ("North Carolina law shall govern and guide the interpretation of this Contract, without regard to the choice of law rules of any state, except that the FAA governs the ARBITRATION AGREEMENT, WAIVER OF JURY TRIAL AND WAIVER OF CLASS ACTION RIGHTS.") (emphasis in original); *see also See Dependable Component Supply Corp. v. Lear Corp.*, No. 06-61105-CIV, 2007 WL 9700500, at *5 (S.D. Fla. Feb. 20, 2007), *report and recommendation adopted*, 2007 WL 9698314 (S.D. Fla. May 14, 2007) (holding that "choice of law provisions can be waived where the parties fail to raise the issue with the Court either by objection or by failing to cite to the law provided for in the choice of law provision" and collecting cases).

would be required to rely upon some argument and legal authority to support the notion that Teresa Cames should be bound by the Arbitration Provision. *See, e.g.*, *Tracfone Wireless, Inc. v. Simply Wireless, Inc.*, 229 F. Supp. 3d 1284 (S.D. Fla. 2017) ("Courts have held that non-signatories may be bound to the arbitration agreements of others based on various theories that arise out of common law principles of contract and agency law.") (citing *Lawson v. Life of the South Ins. Co.*, 648 F.3d 1166, 1170 (11th Cir. 2011)). But Lowe's provided none. *See* generally, Doc. 11.

Indeed, Lowe's does not mention Teresa Cames anywhere in the Motion apart from the case caption, the certificates of conferral and service, and one mention of "Plaintiffs' Amended Complaint" in the factual background. *Id.* Throughout the Motion, Lowe's refers to only one plaintiff—Olaf Cames. *See* Doc. 11 at 1 ("All of these counts are based on a Sales Contract executed by Olaf Cames"); at 2 ("The Agreement confirms that Olaf Cames, intentionally and voluntarily agreed to waive the right to a trial by judge or jury"); at 4 (referring to "Plaintiff's claim"); at 5 ("As laid out above, Mr. Cames voluntarily entered into a valid and binding agreement, and a plain reading of the Agreement clearly reflects his agreement to submit to arbitration."). Lowe's does not address whether Teresa Cames is bound by the Arbitration Provision until its Reply—and that argument is made in response to Plaintiffs' assertion that Teresa Cames is a non-signatory and cannot be compelled to arbitrate her claims. Doc. 19 at 2. But Lowe's cannot seek additional relief in a reply to the Motion. *See Hans-Atchison v. Anthem Ins. Companies, Inc.*, No. 6:24-CV-586-ACC-LHP, 2025 WL 1001557, at *4 n.5 (M.D. Fla. Apr. 3, 2025) (noting that movant "may not add new requests for relief in a reply brief"); *Neiheisel v. United States*, No. 3:17-CR-89-J-39JBT, 2020 WL 4815808, at *2 n.3 (M.D. Fla. Aug. 19, 2020) ("The Court does not address new requests for relief raised in a reply"). In the Motion, Lowe's only asserts that Olaf Cames is bound by the Arbitration Provision.

Even if the Court did consider the argument raised in the Response, Lowe's has misrepresented the cases cited—both cases address whether a non-signatory can compel a signatory to arbitrate, not whether a signatory can compel a non-signatory to arbitrate. Lowe's cites *Shetty v. Palm Beach Radiation Oncology Assocs., Inc*., 915 So. 2d 1233 (Fla. 4th DCA 2005) for the proposition that "Florida law recognizes several equitable doctrines through which non-signatories may be bound, including equitable estoppel and the doctrine of direct benefits." Doc. 19 at 2-3. But the court in *Shetty* only acknowledged that, "There are, however, circumstances in which a non-signatory's right to compel arbitration has been recognized." *Shetty*, 915 So. 2d at 1235.[3] Lowe's similarly represents that the Eleventh Circuit has recognized that, "Under Florida's equitable estoppel doctrine, a non-signatory who knowingly exploits the benefits of a contract containing an arbitration clause is estopped from repudiating that clause." Doc. 11 at 3 (citing *Kroma Makeup EU, LLC v. Boldface Licensing + Branding, Inc.*, 845 F.3d 1351, 1359 (11th Cir. 2017). But the Eleventh Circuit in *Kroma* concluded the following:

> Our holding is that Florida's doctrine of equitable estoppel permits a nonsignatory to an agreement to avail herself of an arbitration clause only when the claims asserted against her fall within the scope of the clause that the signatories had agreed upon.

*Id.* at 1357.[4] In short, Lowe's misrepresents the holdings in the cases cited, provides non-existent pinpoint citations for its propositions, and cites no authority to support the proposition that a non-

---

[3] Lowe's cites to page 625 of the *Shetty* case, but no such page exists in the case—the reporter citation begins with page 1233. *See Shetty v. Palm Beach Radiation Oncology Assocs., Inc*., 915 So. 2d 1233 (Fla. 4th DCA 2005).

[4] Here again, Lowe's cites to a page number that does not exist in the case cited. Lowe's includes page 1359 as the pin cite in the *Kroma* case citation, but *Kroma* ends at page 1357. *See supra* at note 3. To the extent this is merely another typo, the Court cautions counsel to be more attentive. But the typos paired with the misstatements of the holdings raises a suspicion of improper A.I. usage. *See United States v. Brewer*, No. 6:19-CR-22-RBD-DCI, 2025 WL 2636404, at *2 (M.D. Fla. Sept. 11, 2025) (describing hallmarks of A.I. hallucinations as including "fake cases, fake quotes from real cases, and real cases with unsupported propositions") (citation omitted). The

signatory can be compelled to arbitrate.[5]  Based on the foregoing, the Court cannot find—based on the briefing currently before it—that Teresa Cames should be compelled to arbitrate her claims against Lowe's.

Lowe's has also failed to carry its burden in establishing that the claims raised are arbitrable.  *See Tracfone Wireless, Inc. v. Simply Wireless, Inc*., 229 F. Supp. 3d 1284, 1293 (S.D. Fla. 2017) ("To compel arbitration under the FAA, the movant must establish that . . . the arbitration clause covers the claims.").  In the Motion, Lowe's makes the conclusory assertion that:

> Plaintiff's claim falls within the scope of the Agreement as it arises from the agreement Olaf Cames signed with Lowe's. (See, e.g., Compl. alleging breach of contract, abuse of the elderly, and civil theft, all of which are premised on the Agreement).

Doc. 11 at 4.  There are at least three problems here.  First, the statement is vague.  Lowe's refers to "Plaintiff's claim" in the singular—both as to the number of plaintiffs and the number of claims—when two Plaintiffs have raised three claims in this case.  *See generally*, Doc. 1-1.  The parenthetical citation mentioning the three claims does little to cure the defect because "e.g." is not an introductory signal that encompasses the grouping that follows, rather, the term "e.g." means "for example," and implies that any one of the items in the grouping may be considered as exemplary of the preceding statement.  *See* "e.g.," *Merriam-Webster Online Dictionary* (2026), https://www.merriam- webster.com/dictionary/e.g. (accessed June 10, 2026).  Second, the statement is unsupported by legal authority.  In the Motion, Lowe's provides no legal authority to

---

Court accordingly cautions counsel that submitting briefs with A.I. hallucinations may violate "Local Rule 2.01(b)(2)(c); Local Rule 2.01(e); Local Rule 3.01(a); Florida Bar Rule 4-1.1; Florida Bar Rule 4-1.6; Florida Bar Rule 4-3.1; Florida Bar Rule 4-3.3; and Florida Bar Rule 4-8.4." *Id.*

[5] Also, Lowe's inexplicably cites a published Eleventh Circuit opinion from 2024 using a slip opinion citation: *Lubin v. Starbucks Corp.*, No. 21-11215 (11th Cir. Dec. 16, 2024).  And while the pro se Plaintiff does the same, there is little reason why Lowe's counsel would not use the correct citation: *Lubin v. Starbucks Corp.*, 122 F.4th 1314 (11th Cir. 2024).  Further, Lowe's provides no pinpoint citation to the proposition it argues from *Lubin*.  *See* Doc. 48 at 3.

support the notion that the three claims in this case are arbitrable.  And while the Court does not reach the substance of that question, the parties' briefing in the Response, Reply and Sur-Reply suggest that the arbitrability of the claims is a matter in dispute.  Third (and perhaps most importantly), the statement is conclusory and offers no analysis to support the arbitrability of each claim raised.  Accordingly, Lowe's has not carried its initial burden to establish that the claims at issue are arbitrable.

In sum, Lowe's has submitted a Motion in which it: identifies a Sales Contract executed by one of two Plaintiffs; highlights the existence of an Arbitration Provision in that Sales Contract; and provides the Court with legal authority supporting the enforcement of arbitration provisions generally.  Doc. 11.  But Lowe's has not met its initial burden of establishing that a valid agreement exists as to both Plaintiffs or that the claims at issue in this case are arbitrable.

## IV.    CONCLUSION

Based on the foregoing, it is **ORDERED** that Defendant Lowe's Home Centers, LLC's Amended Motion to Compel Arbitration and Stay Proceedings (Doc. 11) is **DENIED without prejudice**.

**On or before July 31, 2026, Lowe's shall respond to the Complaint**.

**ORDERED** in Orlando, Florida on July 16, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties